# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| ALVIN J. CHAISSON<br>    LA. DOC #506940 | CIVIL ACTION NO. 09-0137 |
| | SECTION P |
| VERSUS | |
| | JUDGE MINALDI |
| BURL CAIN, WARDEN | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Alvin J. Chaisson filed the instant civil rights complaint pursuant to 28 U.S.C. § 2254 on January 23, 2009.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections.  He is incarcerated at the Louisiana State Penitentiary, Angola.

Petitioner attacks his 2006 convictions for manslaughter and aggravated burglary in Louisiana's Thirty-First Judicial District Court, Jefferson Davis Parish.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d)(1).

### *Statement of the Case*

Petitioner was indicted and charged with second degree murder by a Jefferson Davis Parish Grand Jury.  Petitioner was also charged by Bill of Information with aggravated burglary.

On March 7, 2006, petitioner entered into a plea agreement and pled guilty to manslaughter and aggravated burglary. On the same date, the court imposed consecutive sentences totaling 47 years. Doc. 1, ¶¶ 1-6; Doc. 1, Att. 3, ¶¶ 1-6; Doc. 1, Att. 2, Exhibit A (Plea/Sentencing Transcript).[1]

Petitioner did not appeal his convictions or sentences. Doc. 1, ¶ 8.

On October 16, 2007, petitioner filed a *pro se* Application for Post-Conviction Relief in the Thirty-First Judicial District Court. Doc. 1, Att. 3, ¶ 18; Doc. 1, Att. 2, Exhibit C. On November 7, 2007 the district court denied his application. Doc. 1, Att. 4, ¶ 9; Doc. 1, Att. 2, Exhibit C. On February 28, 2008, the Third Circuit Court of Appeals denied petitioner's application for writs filed on November 20, 2007. Doc. 1, Att. 3, ¶ 20; Doc. 1, Att. 2, Exhibit D. On December 19, 2008, the Louisiana Supreme Court denied petitioner's March 12, 2008 writ application. Doc. 1, Att. 4, ¶21; Doc. 1, Att. 2, Exhibit E.

Petitioner signed his petition and its accompanying brief on January 6, 2009. Doc. 1, 14;

---

[1] Petitioner filed various documents, pleadings, and transcripts, all of which were placed in an Exhibit Folder associated with Doc. 1-3. These documents were not indexed or otherwise identified. The undersigned has grouped the documents in chronological order and designated each group of documents as follows:
    **Exhibit A:** Documents associated with the appointment of a sanity commission to determine whether petitioner was competent to stand trial. The following documents comprise Exhibit A: (1) Transcript of Hearing on Motion to Appoint Sanity Commission, February 2, 2005. At the conclusion of the hearing petitioner was committed to the East Feliciana Forensic Facility for further evaluation; (2) Minutes of Court for February 2, 2005; (3) April 26, 2005 Sanity Report of Dr. J. Scott Stanley, M.D. (Assistant Clinical Director of the Forensic Division of the Eastern Louisiana Mental Health System) and Charles P. Vosburg, Ph.D., psychologist. The Report concluded that petitioner was capable of understanding the nature of the proceedings and to assist counsel; (4) June 21, 2005 Motion for Competency Hearing and Resumption of Proceedings; (5) Transcript, December 8, 2005 Sanity Hearing in which the Court concluded that petitioner understood the nature of the proceedings and could assist counsel.
    **Exhibit B:** March 7, 2006 plea and sentencing transcript.
    **Exhibit C:** Pro Se Application for Post-Conviction Relief filed in the Thirty-First Judicial District Court and dated October 17, 2007 and the November 7, 2007 Reasons for Judgment denying Post-Conviction Relief.
    **Exhibit D:** Pro Se Application for Writs filed in the Third Circuit Court of Appeals on November 20, 2007 and, the February 28, 2008 Judgment of the Third Circuit Court of Appeals denying writs in the matter entitled *State of Louisiana v. Alvin J. Chaisson*, No. KH 07-01525.
    **Exhibit E:** Pro Se Application for Writs filed in the Louisiana Supreme Court dated March 12, 2008, and the December 19, 2008 judgment of the Supreme Court denying writs in the matter entitled *State of Louisiana ex rel. Alvin J. Chaisson v. State of Louisiana*, No. 2008-KH-0597.

Doc. 1 Att. 3, p. 21. Petitioner's cover-letter was dated January 15, 2009, (Doc. 1, 16); however, his petition and supporting documents were hand-delivered to the Clerk of Court for filing on January 23, 2009. Doc. 1.

*Law and Analysis*

*1.     Timeliness under § 2244(d)(1)(A)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999); *In re Smith,* 142 F.3d 832, 834 (5th Cir. 1998), citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. § 2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is

---

[2]Nothing of record suggests that the limitations period should be determined as provided by 28 U.S.C. § 2244(d)(1)(B), (C), or (D) in that petitioner has not alleged the presence of state created impediments to filing a newly recognized Constitutional right, or recent discovery of the factual predicate of his claims.

counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Additionally, federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence in state court. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by . . . the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), when the delays for seeking direct review lapsed. Petitioner pled guilty and was sentenced on March 7, 2006. According to the provisions of La. C.Cr.P. art. 914, petitioner had a period of 30 days within which to file a Motion for Appeal[3] or, until on or about April 7, 2006. Under 28 U.S.C. § 2244(d)(1), therefore, petitioner had one year, or until on or about April 7, 2007, to file his federal *habeas* petition.

Petitioner's *habeas* petition is clearly time-barred under the provisions of 28 U.S.C. § 2244(d)(1)(A).

## 2. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As recently noted by the Supreme Court, "[t]o be

---

[3] La. C.Cr.P. art. 914(b)(1) provides, "[t]he motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case.  The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.  The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A).  Equitable tolling does not apply.

*Conclusion and Recommendation*

For the foregoing reasons,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b),

shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lake Charles, Louisiana this 2nd day of March, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE